Filed 9/12/22  P. v. Hanes CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PHILIP THOMAS HANES,<br><br>    Defendant and Appellant. | 2d Crim. No. B318807<br>(Super. Ct. No. 14C-21538)<br>(San Luis Obispo County) |

Philip Thomas Hanes appeals an order denying his Penal Code section 1170.95 (now § 1172.6)[1] petition for resentencing on his second degree murder conviction.  He contends he is entitled to relief because jurors convicted him based on the natural and probable consequences doctrine.  For reasons we shall explain, we dismiss the appeal.

_____

[1] All statutory references are to the Penal Code.  Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

Jurors convicted Hanes of second degree murder for the stabbing death of Tina Beddow. The trial court imposed a state prison sentence of 15 years to life plus one year for using a deadly weapon. We affirmed his conviction on direct appeal. (*People v. Hanes* (Feb. 27, 2017, B269116) [nonpub. opn.].)

Hanes filed a petition for resentencing under section 1172.6 in October 2021.[2] The petition stated he "was convicted of 2nd degree murder pursuant to the natural and probable consequences doctrine" and "could not now be convicted of . . . murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The trial court appointed counsel and heard the petition on February 2, 2022. It found Hanes "failed to make a prima facie showing that he is entitled to relief under [section 1172.6]." He appealed.

We appointed counsel to represent Hanes in this appeal. After examining the record, counsel filed a brief raising no issues as contemplated in *People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*). Hanes subsequently filed a 24-page supplemental

_____

[2] Section 1172.6, subdivision (a) provides, in relevant part, "A person convicted of felony murder or murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine. . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

2

letter brief enumerating the reasons he believed the court should have granted his petition.

Because this is an appeal from an order denying postconviction relief, Hanes is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Serrano, supra,* 211 Cal.App.4th at p. 501; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) We do, however, consider the issues raised in his supplemental brief. (*Cole,* at p. 1040.)

Hanes contends the trial court instructed the jury on the doctrine of natural and probably consequences when it gave them a modified version of CALCRIM No. 520 which stated, in relevant part: "The defendant acted with implied malice if: [¶] 1. He intentionally committed an act; [¶] 2. *The nature and probable consequences of the act were dangerous to human life*; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life." (Italics added.) Hanes argues this language entitles him to resentencing under section 1172.6 because it led jurors to convict him on the second degree murder charge. He cites jurors' questions about the meaning of "acts" in the first degree murder instruction, CALCRIM No. 521, and the trial court's response to those questions, as steering jurors toward the above language at a critical time in their deliberation.

Hanes assumes section 1172.6 applies whenever jurors were instructed by the trial court to consider the "natural and probable consequences" of a homicide defendant's act or failure to act. He reads the statute too broadly. Section 1172.6 addresses only those convictions based on the defendant's vicarious liability for a killing perpetrated by another. The Legislature amended

3

prior law to "ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842, superseded by statute as stated in *People v. Birdsall* (2022) 77 Cal.App.5th 859, 866, fn. 19.) Hanes conflates the "natural and probable consequences" *element* in CALCRIM No. 520 with the natural and probable consequences *doctrine* used to establish the guilt of an accomplice or aider and abettor for murder under prior law.[3] Section 1172.6 applies only to the latter.

Section 1172.6 would not prevent Hanes's conviction if he were tried again under California's amended homicide statutes. Prosecutors presented evidence that Hanes stabbed Beddow when she threatened to end their relationship. Hanes maintained he acted in self-defense after Beddow attacked him during a methamphetamine-induced psychosis. His conviction rested on jurors finding his act or acts directly caused the victim's stabbing death, not on his vicarious liability for a killing that occurred in the course of a separate target offense.

Hanes's supplemental brief describes his trouble communicating with counsel and the court during his section 1172.6 proceedings. He also takes issue with the final hearing going forward without him present. While these may be genuine

---

[3] The doctrine provided that "'[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime.'" (See *People v. Medina* (2009) 46 Cal.4th 913, 920.)

4

sources of frustration for Hanes, they do not address his petition's substantive defects. In addition, the record confirms the trial court considered his supporting papers (including his full response to the People's opposition) and the arguments of appointed counsel at the hearing. His supplemental brief raises no other arguable issue on appeal from the order denying his petition. As such, we dismiss the appeal as abandoned. (*People v. Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

PERREN, J.*

We concur:

GILBERT, P.J.

YEGAN, J.

_____

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5

Jacquelyn H. Duffy, Judge
Superior Court County of San Luis Obispo

————————————————

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.